IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 29 2019
CLERK, U.S. DISTRICT COURT
By_____
Deputy

ROBERT NEWTON DEAVER, §
§
Petitioner, §
§
v. § No. 4:18-CV-700-A
§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Robert Newton Deaver, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of that division, respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

## I. PROCEDURAL HISTORY

The pleadings and documentary evidence presented by the parties reflect that in 2004 petitioner pleaded guilty pursuant to a plea agreement in Tarrant County, Texas, Case No. 0917184D, to unlawful possession of a firearm by a felon and received a 30-

year sentence. (06SHR 6.[1]) He was released on parole on April 11, 2008, and was arrested on various pre-revocation warrants and re-released in the intervening years. His parole was finally revoked on November 19, 2012, and he was returned to TDCJ custody on December 5, 2012. The revocation resulted in the forfeiture of 3 years and 3 months of street time credit. (Resp't's Preliminary Answer, Ex. A, doc. 22.) Petitioner sought administrative and state-court remedies, to no avail. He filed this federal habeas petition in the Beaumont division on August 13, 2018, and the case was subsequently transferred to this division.[2] (Pet. 14, doc. 1; Order, doc. 3.)

## II. ISSUES

In two grounds, petitioner claims that he is entitled to credit for his street time and that the state has extended his sentence by adding the 3 years and 3 months to the end of his 30-year sentence in breach of contract. Respondent contends that the petition is time-barred or, in the alternative, that petitioner is not entitled to relief. (Resp't's Preliminary Answer 5-20, doc. 22.)

## III. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of

---

[1] "06SHR" refers to the administrative record of petitioner's state habeas-corpus proceeding in WR-42,226-06.

[2] A pro se prisoner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, the provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period begins on the date the petitioner could have discovered the factual predicate of his claim(s) through the

3

exercise of due diligence. Petitioner's parole was revoked on November 19, 2012, and he was returned to TDCJ custody on December 5, 2012. Petitioner admittedly learned upon his return to TDCJ that his street time credits had been forfeited and that he had not been credited for time spent on release but nevertheless gave TDCJ until February 24, 2017, to recalculate and correct his time credits before pursuing his administrative and state-court remedies. (Pet. 7, doc. 1.) Consequently, at the latest, petitioner discovered or could have discovered the factual predicate of his claims on December 5, 2012. *See Lanier v. Thaler*, No. 4:10-CV-045-A, 2010 WL 1558621 (N.D. Tex. Apr. 19, 2010). Thus, the federal statute of limitations began on that date and expired one year later on December 5, 2013, subject to any applicable tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. The time credit dispute resolution and state habeas proceedings, filed well after limitations had already expired, did not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated rare and exceptional circumstances that would justify equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). He offers no explanation sufficient to warrant his years-long delay, and the

4

record reveals none.

Petitioner's federal petition was due on or before December 5, 2013. Therefore, his petition filed on August 13, 2018, is untimely.

For the reasons discussed, it is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED August __29__, 2019.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE